United States District Court
for the
Eastern District of Pennsylvania

| | |
|---|---|
| Daniel D. Wiant<br>210 Byers Road, Apt. 1<br>Chester Springs, PA<br><br>    Plaintiff<br>v.<br><br>Nanomaterials Company, LLC<br>15 North Bacton Hill Road<br>Malvern, PA 19355<br> and<br>Nicholas V. Coppa<br>7 Line Road<br>Malvern, PA 19335<br><br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff, Daniel D. Wiant, by his counsel, hereby files the following Complaint against Defendants Nanomaterials Company, LLC and Nicolas V. Coppa.

### Introduction

1. This is an action for violations of the Fair Labor Standards Act, the Pennsylvania Minimum Wage Act, the Pennsylvania Wage Payment and Collection Law, the fraudulent filing of information returns, breach of contract and unjust enrichment.

2. Plaintiff's claims arise from the failure of his former employers, Defendants Nanomaterials Company, LLC and Nicholas V. Coppa, to pay wages due and owing, late payment of wages, a failure to pay overtime, a failure to pay wages and/or pay for or provide benefits in accordance with an employment contract between the parties, retaliation in the form of Plaintiff's discharge from employment with Defendants after filing a complaint about late wage payment(s), and finally, the filing of a false form W-2 concerning Plaintiff's 2012 earnings.

1

## Parties

3. Plaintiff, Daniel D. Wiant, is an individual residing at 210 Byers Road, Apt. 1, Chester Springs, PA 19425.

4. Defendant Nanomaterials Company, LLC (hereinafter "Nanomaterials") is a limited liability company having its principal place of business at 15 North Bacton Hill Road, Malvern, Chester County, Pennsylvania 19355.

5. Defendant Nicholas V. Coppa (hereinafter "Coppa"), is an individual who, upon information and belief, resides at 7 Line Road, Malvern, Chester County, Pennsylvania 19355.

## Jurisdiction and Venue

6. This Court has subject matter jurisdiction over this lawsuit pursuant to:

   a. 28 U.S.C. §1331, giving district courts original jurisdiction over civil actions arising under federal law, as Plaintiff's charges are based, in part, on the Fair Labor Standards Act of 1938, 29 U.S.C. §201 *et seq.* and 26 U.S.C. §7434, and

   b. 28 U.S.C. §1367, which gives district courts supplemental jurisdiction over state law claims.

7. Venue is appropriate in this judicial district under 28 U.S.C. §1391(b) because the events giving rise to this Complaint occurred in this district.

## GENERAL ALLEGATIONS

8. Plaintiff received a written employment offer and contract from Defendants on August 17, 2011. See Exhibit A.

9. The employment agreement extends to Plaintiff "full time employment with Nanomaterials Company."

10. By his signature on August 22, 2011, Plaintiff accepted the written employment offer and the terms of the employment agreement contained within the written employment offer. See Exhibit A.

11. Plaintiff began his employment with Defendants August 23, 2011.

12. Plaintiff's last day of work with Defendants Nanomaterials and Coppa was September 24, 2012.

13. The employment agreement between the parties called for Plaintiff to receive a salary of $60,000.00 per year.

14. The employment agreement between the parties called for Plaintiff to be paid "monthly."

15. The employment agreement between the parties called for Plaintiff to receive fully paid health insurance, at Plaintiff's option.

16. Plaintiff opted to receive fully paid health insurance.

17. At all times relevant, Plaintiff was paid by Defendants at the rate of $29.33 per hour. See Exhibits B-1 to B-12.

18. Upon information and belief, Defendant Coppa is either the sole member of Defendant Nanomaterials or the managing member of Defendant Nanomaterials.

19. Defendant Coppa signed, as "Member," the employment agreement between the parties.

20. Defendant Coppa had control over the day-to-day operations of Defendant Nanomaterials.

21. Upon information and belief, Defendant Coppa managed the financial affairs of Nanomaterials.

22. Defendant Coppa negotiated and set the wages of Plaintiff.

23. Defendant Coppa negotiated and set the wages of all Nanomaterials employees.

24. Defendant Coppa had the power to hire and fire Nanomaterials employees.

25. No other person other than Defendant Coppa had the power to hire and fire Nanomaterials employees.

26. Beginning or or about February 2012, Plaintiff was instructed by Defendant Coppa to report all hours worked; however, that Plaintiff would only be paid for 173 hours per month.

27. Other employees were also instructed by Defendant Coppa that they would be paid only 173 hours per month and to report all hours worked.

28. Plaintiff was instructed by Defendant Coppa to submit actual hours worked on time sheets each month.

29. Plaintiff submitted time sheets to Defendant Coppa each month. <u>See</u> Exhibits C-1 to C-13.

30. Wage payments and pay stubs received from Defendants were issued to Plaintiff from Defendant Nanomaterials. <u>See</u> Exhibits B-1 through B-12.

31. Forms W-2 were issued to Plaintiff by Defendant Nanomaterials.

32. The employment agreement between the parties indicates that Defendant Nanomaterials was the employer.

33. Defendant Nanomaterials earned gross revenues in excess of $500,000 in 2011.

34. Defendants dealt with one or more clients in Maryland.

35. Defendants dealt with one or more clients in Florida.

36. Defendants dealt with one or more clients in California.

**Plaintiff's Hours Employed and Hours Paid by Defendants Nanomaterials and Coppa**

37. For the workweek ended August 27, 2011, Plaintiff was employed by Defendants for thirty-one and one-quarter (31.25) hours.

38. Between August 29 and August 31, 2011, Plaintiff was employed by Defendants for twenty-three and one-quarter (23.25) hours.

39. For the month of August 2011, Plaintiff was employed by Defendants for fifty-four and one-half (54.5) hours.

40. For the month of August 2011, Plaintiff was paid for forty-six hours at $29.33 per hour.

41. Plaintiff is owed by Defendants for eight and one-half (8.50) hours for hours worked and unpaid in August 2011.

42. For September 1 and 2, 2011, Plaintiff was employed by Defendants for fifteen point six-six (15.66) hours.

43. For the workweek ended September 10, 2011, Plaintiff was employed by Defendants for twenty-eight and one-quarter (28.25) hours.

44. For the workweek ended September 10, 2011, Plaintiff was owed by Defendants for eight (8) hours vacation and four (4) hours personal (sick) time.

45. For the workweek ended September 10, 2011, Plaintiff was owed by Defendants for forty and one-quarter (40.25) hours.

46. For the workweek ended September 17, 2011, Plaintiff was employed by Defendants for forty and one-quarter (40.25) hours.

47. For the workweek ended September 17, 2011, Plaintiff was employed by Defendants for one-quarter (.25) hours in excess of forty (40) hours in the workweek.

48. For the workweek ended September 17, 2011, Plaintiff is owed by Defendants for overtime pay for one-quarter (.25) hours.

49. For the workweek ended September 24, 2011, Plaintiff was employed by Defendants for thirty-eight and one-quarter (38.25) hours.

50. For the workweek ended October 1, 2011, Plaintiff was employed by Defendants for forty-nine point four (49.40) hours.

51. For the workweek ended October 1, 2011, Plaintiff was employed by Defendants for nine point four (9.40) hours in excess of forty (40) hours in the workweek.

52. For the workweek ended October 1, 2011, Plaintiff is owed by Defendants for nine point four (9.4) hours overtime.

53. For the month of September 2011, Plaintiff worked one hundred seventy-one point eight-one and one-half (171.81) hours.

54. For the month of September 2011, Plaintiff was owed twelve (12) hours of holiday and personal (sick) hours.

55. For the month of September 2011, Plaintiff was owed a total of one hundred eighty-three point eight-one (183.81) hours.

56. For the month of September 2011, Plaintiff was paid wages by Defendants at Plaintiff's regular rate of pay of $29.33 per hour for one hundred eighty-five and one-tenth (185.10) hours.

57. For the month of September 2011, Plaintiff was not paid any overtime wages.

58. For the month of September 2011, Plaintiff is owed by Defendants for nine point six-five (9.65) hours overtime.

59. For the workweek ended October 8, 2011, Plaintiff was employed by Defendants for fifty-one and one-quarter (51.25) hours.

60. For the workweek ended October 8, 2011, Plaintiff was employed by Defendants for eleven and one-quarter (11.25) hours in excess of forty (40) hours in the workweek.

61. For the workweek ended October 8, 2011, Plaintiff is owed by Defendants for overtime pay for eleven and one-quarter (11.25) hours.

62. For the workweek ended October 15, 2011, Plaintiff was employed by Defendants for forty-three and one-quarter (43.25) hours.

63. For the workweek ended October 15, 2011, Plaintiff was employed by Defendants for three and one-quarter (3.25) hours in excess of forty (40) hours in the workweek.

64. For the workweek ended October 15, 2011, Plaintiff is owed by Defendants for overtime pay for three and one-quarter (3.25) hours.

65. For the workweek ended October 22, 2011, Plaintiff was employed by Defendants for forty-three and three-quarters (43.75) hours.

66. For the workweek ended October 22, 2011, Plaintiff was employed by Defendants for three and three-quarters (3.75) hours in excess of forty (40) hours in the workweek.

67. For the workweek ended October 22, 2011, Plaintiff is owed by Defendants for overtime pay for three and three-quarters (3.75) hours.

68. For the workweek ended October 29, 2011, Plaintiff was employed by Defendants for forty-six and one-quarter (46.25) hours.

69. For the workweek ended October 29, 2011, Plaintiff was employed by Defendants for six and one-quarter (6.25) hours in excess of forty hours in the workweek.

70. For the workweek ended October 29, 2011, Plaintiff is owed by Defendants for overtime pay for six and one-quarter (6.25) hours.

71. On October 31, 2011 Plaintiff was employed by Defendants for eight and one-half (8.50) hours.

72. For the month of October 2011, Plaintiff was employed by Defendants for a total of one hundred ninety-three (193) hours.

73. For the month of October 2011, Plaintiff was paid wages by Defendants at Plaintiff's regular rate of pay of $29.33 per hour for one hundred ninety-three (193) hours.

74. For the month of October 2011, Plaintiff is owed by Defendants for overtime pay for twenty-four and one-half (24.50) hours.

75. For the month of November 2011, Plaintiff was employed by Defendants for a total of two hundred twenty-one and three-quarters (221.75) hours.

76. For the month of November 2011, Plaintiff was paid wages by Defendants at Plaintiff's regular rate of pay of $29.33 per hour for two hundred twenty-one and three quarters (221.75) hours.

77. For December 1 and 2, 2011, Plaintiff was employed by Defendants for a total of eighteen and one-quarter (18.25) hours.

78. For the workweek ended December 10, 2011, Plaintiff was employed by Defendants for a total of forty-three (43) hours.

79. For the workweek ended December 10, 2011, Plaintiff was employed by Defendants for a total of three (3) hours in excess of forty (40) in a workweek.

80. For the workweek ended December 10, 2011, Plaintiff is owed for three (3) hours overtime.

81. For the workweek ended December 17, 2011, Plaintiff was employed by Defendants for a total of forty-eight and three-quarters (48.75) hours.

82. For the workweek ended December 17, 2011, Plaintiff was employed by Defendants for eight and three-quarters (8.75) hours in excess of forty (40) in a workweek.

83. For the workweek ended December 17, 2011, Plaintiff is owed for eight and three-quarters (8.75) hours overtime.

84. For the workweek ended December 24 2011, Plaintiff was employed by Defendants for forty-four and one-half (44.50) hours.

85. For the workweek ended December 24, 2011, Plaintiff worked four and one-half (4.50) hours in excess of forty (40) in a workweek.

86. For the workweek ended December 24, 2011, Plaintiff is owed by Defendants for four and one-half (4.50) hours overtime.

87. For the workweek ended December 31, 2011, Plaintiff was employed by Defendants thirty-two and one-quarter (32.25) hours.

88. For the workweek ended December 31, 2011, Plaintiff was owed holiday pay of eight (8) hours.

89. For the month of December 2011, Plaintiff was employed by Defendants for a total of one hundred eighty-six and three-quarters (186.75) hours.

90. For the month of December 2011, Plaintiff was owed eight (8) hours holiday pay.

91. For the month of December 2011, Plaintiff was paid wages by Defendants at Plaintiff's regular rate of pay of $29.33 per hour for one hundred ninety-four point eight (194.80) hours.

92. In the year 2011, Plaintiff was employed by Defendants for eight hundred twenty-seven point eight-one (827.81) hours.

93. In the year 2011, Plaintiff was due wages for holiday, vacation and personal (sick) time of twenty (20) hours.

94. In the year 2011, Plaintiff was due wages for a total of eight hundred forty-seven point eight-one (847.81) hours.

95. In the year 2011, Plaintiff was paid wages by Defendants at Plaintiff's regular rate of pay of $29.33 per hour for eight hundred forty point sixty-five (840.65) hours.

96. For 2011, Plaintiff remains due for a total of seven point sixteen (7.16) hours.

97. For 2011, Plaintiff remains due for a total of thirty-four point fifteen (34.15) hours overtime.

98. For the workweek ended January 7, 2012, Plaintiff was employed by Defendants or forty-two (42) hours.

99. For the workweek ended January 7, 2012, Plaintiff was entitled to eight (8) hours paid holiday time from Defendants.

100. For the workweek ended January 7, 2012, Plaintiff was employed by Defendants for two (2) hours in excess of forty (40) hours in the workweek.

101. For the workweek ended January 7, 2012, Plaintiff is owed two (2) hours overtime.

102. For the workweek ended January 14, 2012, Plaintiff was employed by Defendants for forty-five (45) hours.

103. For the workweek ended January 14, 2012, Plaintiff was employed by Defendants for five (5) hours in excess of forty (40) hours in the workweek.

104. For the workweek ended January 14, 2012, Plaintiff is owed five (5) hours overtime.

105. For the workweek ended January 21, 2012, Plaintiff was employed by Defendants for sixty-five and three-quarters (65.75) hours.

106. For the workweek ended January 21, 2012, Plaintiff was employed by Defendants for twenty-five and three-quarters (25.75) hours in excess of forty (40) hours in the workweek.

107. For the workweek ended January 21, 2012, Plaintiff is owed for twenty-five and three-quarters (25.75) hours overtime.

108. For the workweek ended January 28, 2012, Plaintiff was employed by Defendants for forty-four and one-half (44.50) hours.

109. For the workweek ended January 28, 2012, Plaintiff was employed by Defendants for four and one-half (4.50) hours in excess of forty (40) hours in the workweek.

110. For the workweek ended January 28, 2012, Plaintiff is owed for four and one-half (4.50) hours overtime.

111. For January 30 and 31, 2012, Plaintiff was employed by Defendants for twenty and one-half (20.50) hours.

112. For the month of January 2012, Plaintiff was employed by Defendants for a total of two hundred seventeen and three-quarters (217.75) hours.

113. For the month of January 2012, Plaintiff was entitled to eight (8) hours holiday pay from Defendants.

114. For the month of January 2012, Plaintiff was entitled to payment of two-hundred twenty-five and three-quarters (225.75) hours from Defendants.

115. For the month of January 2012, Plaintiff was paid wages by Defendants at Plaintiff's regular rate of pay of $29.33 per hour for one hundred seventy-six (176) hours.

116. For the month of January 2012, Plaintiff is owed for forty-nine and three-quarters (49.75) hours unpaid.

117. For the month of January 2012, Plaintiff is owed for thirty-seven and one-quarter (37.25) hours overtime.

118. For the workweek ended February 3, 2012, Plaintiff was employed by Defendants for forty-five and one-quarter (45.25) hours.

119. For the workweek ended February 4, 2012, Plaintiff was employed by Defendants for five and one-quarter (5.25) hours in excess of forty (40) hours in the workweek.

120. For the workweek ended February 4, 2012, Plaintiff is owed five and one-quarter (5.25) hours overtime.

121. For the workweek ended February 11, 2012, Plaintiff was employed by Defendants for forty-nine (49) hours.

122. For the workweek ended February 11, 2012, Plaintiff was employed by Defendants for nine (9) hours in excess of forty (40) hours in the workweek.

123. For the workweek ended February 11, 2012, Plaintiff is owed nine (9) hours overtime.

124. For the workweek ended February 18, 2012, Plaintiff was employed by Defendants for forty-five and one-half (45.50) hours.

125. For the workweek ended February 18, 2012, Plaintiff was employed by Defendants for five and one-half (5.5) hours in excess of forty (40) hours in the workweek.

126. For the workweek ended February 18, 2012, Plaintiff is owed five and one-half (5.50) hours overtime.

127. For the workweek ended February 25, 2012, Plaintiff was employed by Defendants for forty-five and one-half (45.50) hours.

128. For the workweek ended February 25, 2012, Plaintiff was entitled to eight (8) hours paid holiday time from Defendants.

129. For the workweek ended February 25, 2012, Plaintiff was employed by Defendants for five and one-half (5.50) hours in excess of forty (40) hours in the workweek.

130. For the workweek ended February 25, 2012, Plaintiff is owed five and one-half (5.50) hours overtime.

131. For February 27 through February 29, 2012, Plaintiff was employed by Defendants for forty (40) hours.

132. For the month of February 2012, Plaintiff was employed by Defendants for a total of two hundred four and three-quarters (204.75) hours.

133. For the month of February 2012, Plaintiff was entitled to eight (8) hours paid holiday time from Defendants.

134. For the month of February 2012, Plaintiff was entitled to payment of two hundred twelve and three-quarters (212.75) hours from Defendants.

135. For the month of February 2012, Plaintiff was paid wages by Defendants at Plaintiff's regular rate of pay of $29.33 per hour for one hundred seventy-three point three (173.3) hours.

136. For the month of February 2012, Plaintiff is owed for thirty-nine point four-five (39.45) hours.

137. For the month of February 2012, Plaintiff is owed twenty-five and one-quarter (25.25) hours overtime.

138. For March 1 and 2, 2012, Plaintiff was employed by Defendants for twenty (20) hours.

139. For the workweek ended March 3, 2012, Plaintiff was employed by Defendants for sixty (60) hours.

140. For the workweek ended March 3, 2012, Plaintiff was employed by Defendants for twenty (20) hours in excess of forty (40) hours in the workweek.

141. For the workweek ended March 3, 2012, Plaintiff is owed twenty (20) hours overtime.

142. For the workweek ended March 10, 2012, Plaintiff was employed by Defendants for fifty-seven and one-half (57.50) hours.

143. For the workweek ended March 10, 2012, Plaintiff was employed by Defendants for seventeen and one-half (17.50) hours in excess of forty (40) hours in the workweek.

144. For the workweek ended March 10, 2012, Plaintiff is owed seventeen and one-half (17.50) hours overtime.

145. For the workweek ended March 17, 2012, Plaintiff was employed by Defendants for sixty (60) hours.

146. For the workweek ended March 17, 2012, Plaintiff was employed by Defendants Nanomaterials and Coppa for twenty (20) hours in excess of forty (40) hours in the workweek.

147. For the workweek ended March 17, 2012, Plaintiff is owed twenty (20) hours overtime.

148. For the workweek ended March 24, 2012, Plaintiff was employed by Defendants Nanomaterials and Coppa for fifty and one-half (50.50) hours.

149. For the workweek ended March 24, 2012, Plaintiff was employed by Defendants Nanomaterials and Coppa for ten and one-half (10.50) hours in excess of forty (40) hours in the workweek.

150. For the workweek ended March 24, 2012, Plaintiff is owed ten and one-half (10.50) hours overtime.

151. For the workweek ended March 31, 2012, Plaintiff was employed by Defendants Nanomaterials and Coppa for fifty-one (51) hours.

152. For the workweek ended March 31, 2012, Plaintiff was employed by Defendants Nanomaterials and Coppa for eleven (11) hours in excess of forty (40) hours in the workweek.

153. For the workweek ended March 31, 2012, Plaintiff is owed eleven (11) hours overtime.

154. For the month of March 2012, Plaintiff was employed by Defendants Nanomaterials and Coppa for a total of two hundred thirty-nine (239) hours.

155. For the month of March 2012, Plaintiff was paid wages by Defendants Nanomaterials and Coppa at Plaintiff's regular rate of pay of $29.33 per hour for one hundred seventy-three point three (173.3) hours.

156. For the month of March 2012, Plaintiff is owed sixty-five point seven (65.70) hours in unpaid wages.

157. For the month of March 2012, Plaintiff is owed seventy-nine (79) hours overtime.

158. For the workweek ended April 7, 2012, Plaintiff was employed by Defendants Nanomaterials and Coppa for forty-eight and one-half (48.50) hours.

159. For the workweek ended April 7, 2012, Plaintiff was employed by Defendants Nanomaterials and Coppa for eight and one-half (8.50) hours in excess of forty (40) hours in the workweek.

160. For the workweek ended April 7, 2012, Plaintiff is owed eight and one-half (8.50) hours overtime.

161. For the workweek ended April 14, 2012, Plaintiff was employed by Defendants Nanomaterials and Coppa for fifty (50) hours.

162. For the workweek ended April 14, 2012, Plaintiff was employed by Defendants Nanomaterials and Coppa for ten (10) hours in excess of forty (40) hours in the workweek.

163. For the workweek ended April 14, 2012, Plaintiff is owed ten (10) hours overtime.

164. For the workweek ended April 21, 2012, Plaintiff was employed by Defendants Nanomaterials and Coppa for fifty-four (54) hours.

165. For the workweek ended April 21, 2012, Plaintiff was employed by Defendants Nanomaterials and Coppa for fourteen (14) hours in excess of forty (40) hours in the workweek.

166. For the workweek ended April 21, 2012, Plaintiff is owed fourteen (14) hours overtime.

167. For the workweek ended April 28, 2012, Plaintiff was employed by Defendants Nanomaterials and Coppa for forty-seven and one-quarter (47.25) hours.

168. For the workweek ended April 28, 2012, Plaintiff was employed by Defendants Nanomaterials and Coppa for seven and one-quarter (7.25) hours in excess of forty (40) hours in the workweek.

169. For the workweek ended April 28, 2012, Plaintiff is due seven and one-quarter (7.25) hours overtime.

170. On April 30, 2012, Plaintiff was employed by Defendants for a total of nine (9) hours.

171. For the month of April 2012, Plaintiff was employed by Defendants Nanomaterials and Coppa for a total of two hundred eight and three quarters (208.75) hours.

172. For the month of April 2012, Plaintiff was paid wages by Defendants Nanomaterials and Coppa at Plaintiff's regular rate of pay of $29.33 per hour for one hundred seventy-three point three (173.3) hours.

173. For the month of April 2012, Plaintiff is owed for thirty-five point four-five (35.45) hours unpaid.

174. For the month of April 2012, Plaintiff is owed for thirty-nine and three-quarters (39.75) hours overtime.

175. For May 1 through May 5, 2012, Plaintiff was employed by Defendants for a total of thirty-three and one-quarter (33.25) hours.

176. For the workweek ended May 5, 2012, Plaintiff was employed by Defendants Nanomaterials and Coppa for forty-two and one-quarter (42.25) hours.

177. For the workweek ended May 5, 2012, Plaintiff was employed by Defendants Nanomaterials and Coppa for two and one-quarter (2.25) hours in excess of forty (40) hours in the workweek.

178. For the workweek ended May 5, 2012, Plaintiff is owed two and one-quarter (2.25) hours overtime.

179. For the workweek ended May 12, 2012, Plaintiff was employed by Defendants Nanomaterials and Coppa for forty-four and one-half (44.50) hours.

180. For the workweek ended May 12, 2012, Plaintiff was employed by Defendants Nanomaterials and Coppa for four and one-half (4.50) hours in excess of forty (40) hours in the workweek.

181. For the workweek ended May 12, 2012, Plaintiff is owed four and one-half (4.50) hours overtime.

182. For the workweek ended May 19, 2012, Plaintiff was employed by Defendants Nanomaterials and Coppa for fifty-six and three-quarters (56.75) hours.

183. For the workweek ended May 19, 2012, Plaintiff was employed by Defendants Nanomaterials and Coppa for sixteen and three-quarters (16.75) hours in excess of forty (40) hours in the workweek.

184. For the workweek ended May 19, 2012, Plaintiff is owed sixteen and three-quarters (16.75) hours overtime.

185. For the workweek ended May 26, 2012, Plaintiff was employed by Defendants Nanomaterials and Coppa for sixty-three and one-quarter (63.25) hours.

186. For the workweek ended May 26, 2012, Plaintiff was employed by Defendants Nanomaterials and Coppa for twenty-three and one-quarter (23.25) hours in excess of forty (40) hours in the workweek.

187. For the workweek ended May 26, 2012, Plaintiff is owed twenty-three and one-quarter (23.25) hours overtime.

188. For May 28, 2012 (workweek ended June 2, 2012), Plaintiff was owed eight (8) hours holiday pay.

189. For the month of May 2012, Plaintiff was employed by Defendants Nanomaterials and Coppa for a total of two hundred thirty-four and three-quarters (242.75) hours.

190. For the month of May 2012, Plaintiff was due wages for a total of two hundred forty-two and three-quarters (242.75) hours.

191. For the month of May 2012, Plaintiff was paid wages by Defendants Nanomaterials and Coppa at Plaintiff's regular rate of pay of $29.33 per hour for one hundred seventy-three point three (173.3) hours.

192. For the month of May 2012, Plaintiff is owed wages for sixty-nine point four-five (69.45) hours.

193. For the month of May 2012, Plaintiff is owed forty-six and three-quarters (46.75) hours overtime.

194. For June 1, 2012, Plaintiff was employed by Defendants for a total of nine (9) hours.

195. For the workweek ended June 2, 2012, Plaintiff was employed by Defendants Nanomaterials and Coppa for forty-six (46) hours.

196. For the workweek ended June 2, 2012, Plaintiff was employed by Defendants Nanomaterials and Coppa for six (6) hours in excess of forty (40) hours in the workweek.

197. For the workweek ended June 2, 2012, Plaintiff is owed six (6) hours overtime.

198. For the workweek ended June 9, 2012, Plaintiff was employed by Defendants Nanomaterials and Coppa for fifty-six (56) hours.

199. For the workweek ended June 9, 2012, Plaintiff was employed by Defendants Nanomaterials and Coppa for sixteen (16) hours in excess of forty (40) hours in the workweek.

200. For the workweek ended June 9, 2012, Plaintiff is owed sixteen (16) hours overtime.

201. For the workweek ended June 16, 2012, Plaintiff was employed by Defendants Nanomaterials and Coppa for forty-six (46) hours.

202. For the workweek ended June 16, 2012, Plaintiff was employed by Defendants Nanomaterials and Coppa for six (6) hours in excess of forty (40) hours in the workweek.

203. For the workweek ended June 16, 2012, Plaintiff is owed six (6) hours overtime.

204. For the workweek ended June 23, 2012, Plaintiff was employed by Defendants Nanomaterials and Coppa for forty-six (46) hours.

205. For the workweek ended June 23, 2012, Plaintiff was employed by Defendants Nanomaterials and Coppa for six (6) hours in excess of forty (40) hours in the workweek.

206. For the workweek ended June 23, 2012, Plaintiff is owed six (6) hours overtime.

207. For the workweek ended June 30, 2012, Plaintiff was employed by Defendants Nanomaterials and Coppa for forty-five (45) hours.

208. For the workweek ended June 30, 2012, Plaintiff was employed by Defendants Nanomaterials and Coppa for five (5) hours in excess of forty (40) hours in the workweek.

209. For the workweek ended June 30, 2012, Plaintiff is owed five (5) hours overtime.

210. For the month of June 2012, Plaintiff was employed by Defendants Nanomaterials and Coppa for a total of two hundred two (202) hours.

211. For the month of June 2012, Plaintiff was paid wages by Defendants Nanomaterials and Coppa at Plaintiff's regular rate of pay of $29.33 per hour for one hundred seventy-three point three (173.3) hours.

212. For the month of June 2012, Plaintiff is owed wages for twenty-eight point seven (28.70) hours.

213. For the month of June 2012, Plaintiff is owed thirty-nine (39) hours overtime.

214. For the workweek ended July 7, 2012, Plaintiff was employed by Defendants Nanomaterials and Coppa for thirty-four hours hours.

215. For the workweek ended July 7, 2012, Plaintiff was owed eight (8) hours holiday pay.

216. For the workweek ended July 14, 2012, Plaintiff was employed by Defendants Nanomaterials and Coppa for forty-six and three-quarters (46.75) hours.

217. For the workweek ended July 14, 2012, Plaintiff was employed by Defendants Nanomaterials and Coppa for six and three-quarters (6.75) hours in excess of forty (40) hours in the workweek.

218. For the weekending July 14, 2012, Plaintiff is owed six and three-quarters (6.75) hours overtime.

219. For the workweek ended July 21, 2012, Plaintiff was employed by Defendants for a total of forty (40) hours.

220. For the workweek ended July 28, 2012, Plaintiff was employed by Defendants Nanomaterials and Coppa for forty-five (45) hours.

221. For the workweek ended July 28, 2012, Plaintiff was employed by Defendants Nanomaterials and Coppa for five (5) hours in excess of forty (40) hours in the workweek.

222. For the workweek ended July 28, 2012, Plaintiff is owed for five (5) hours overtime.

223. For July 30 and 31, 2012, Plaintiff was owed eight (8) hours holiday pay.

224. For the month of July 2012, Plaintiff was employed by Defendants Nanomaterials and Coppa for a total of one hundred ninety-one and one-quarter (191.25) hours.

225. For the month of July 2012, Plaintiff was paid wages by Defendants Nanomaterials and Coppa at Plaintiff's regular rate of pay of $29.33 per hour for one hundred seventy-three point three (173.3) hours.

226. For the month of July 2012, Plaintiff is owed wages for twenty-five point nine-five (25.95) hours.

227. For the month of July 2012, Plaintiff is owed eleven and three-quarters (11.75) hours overtime.

228. For August 1 through August 3, 2012, Plaintiff was employed by Defendants for twenty-six (26) hours.

229. For the workweek ended August 4, 2012, Plaintiff was employed by Defendants Nanomaterials and Coppa for fifty-one and one-half (51.50) hours.

230. For the workweek ended August 4, 2012, Plaintiff was employed by Defendants Nanomaterials and Coppa for eleven and one-half (11.50) hours in excess of forty (40) hours in the workweek.

231. For the workweek ended August 4, 2012, Plaintiff is owed eleven and one-half (11.50) hours overtime.

232. For the workweek ended August 11, 2012, Plaintiff was employed by Defendants Nanomaterials and Coppa for forty-two and one-half (42.50) hours.

233. For the workweek ended August 11, 2012, Plaintiff was employed by Defendants Nanomaterials and Coppa for two and (2.50) hours in excess of forty (40) hours in the workweek.

234. For the workweek ended August 11, 2012, Plaintiff is owed two and one-half (2.50) hours overtime.

235. For the workweek ended August 18, 2012, Plaintiff was due vacation pay for forty (40) hours.

236. For the workweek ended August 25, 2012, Plaintiff was employed by Defendants Nanomaterials and Coppa for thirty-nine and one-half (39.50) hours.

237. For the workweek ended September1, 2012, Plaintiff was employed by Defendants Nanomaterials and Coppa for forty (40) hours.

238. For the month of August 2012, Plaintiff was employed by Defendants Nanomaterials and Coppa for a total of one hundred forty-eight (148) hours.

239. For the month of August 2012, Plaintiff is due forty (40) hours vacation pay.