# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DANIEL D. WIANT** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | **NO. 13-1750** |
| v. | : | |
| | : | |
| **NICHOLAS V. COPPA,** *et al.* | : | |
| *Defendants* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                                                                           NOVEMBER 14, 2018

## MEMORANDUM OPINION

**INTRODUCTION**

This is a wage and hour case brought under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §201 *et seq.*, the Pennsylvania Minimum Wage Act (the "PMWA"), 43 Pa. Cons. State §333.101 *et seq.*, and the Pennsylvania Wage Payment and Collection Law (the "WPCL"), 43 Pa. Cons. Stat. §260.1 *et seq.* Plaintiff Daniel D. Wiant ("Plaintiff") alleges that his former employer, Defendant Nicholas V. Coppa ("Defendant Coppa") failed to pay him minimum wage and/or overtime wages and terminated his employment in retaliation for registering a complaint about his unpaid wages. Though Defendant Coppa initially filed an answer, he later withdrew that answer and allowed the entry of a default against him. Presently before the Court is Plaintiff's motion for default judgment, to which Defendant Coppa has not responded. For the reasons set forth below, Plaintiff's motion is granted.

**PROCEDURAL BACKGROUND**

The protracted procedural background underlying this matter is well-known to the parties and need not be set forth in its entirety. Briefly, Plaintiff commenced this matter on April 3, 2013, by filing a complaint asserting various federal and state wage and hour claims against his

employer, Defendant Nanomaterials Company, LLC ("Nanomaterials") and its owner/managing member Defendant Coppa. [ECF 1]. As noted, Defendant Coppa initially filed an answer to the complaint and participated in these proceedings. [ECF 4]. Over the course of this litigation, both Nanomaterials and Defendant Coppa filed for bankruptcy multiple times, resulting in an automatic stay of this action and its protracted history. [ECF 23, 43, 57, 78]. Following the dismissal of Defendant Coppa's most recent bankruptcy petition, this matter was rescheduled for trial to begin on March 22, 2018, as to Defendant Coppa only.[1] [ECF 80]. Twenty days before the rescheduled trial, Defendant Coppa, through counsel, withdrew his answer to the complaint and allowed an entry of default. [ECF 82]. Thereafter, Plaintiff filed the underlying motion for default judgment. [ECF 87]. On October 4, 2018, an assessment of damages hearing was held. Though provided notice of this hearing, Defendant Coppa did not attend.

**LEGAL STANDARD**

Federal Rule of Civil Procedure ("Rule") 55 provides a two-step process for obtaining a default judgment. *See* Fed. R. Civ. P. 55. The first step is an entry of default. *See id.* The entry of default is a ministerial task performed by the Clerk of Court. No motion is needed and no order is involved. Rather, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a); *see also Farnese v. Bagnasco,* 687 F.2d 761, 763 (3d Cir. 1982) (noting that Rule 55(a) "allows the clerk to enter a default" under the conditions stated in the Rule).

The second step is the entry of a default judgment for damages and costs. *See* Fed. R. Civ. P. 55(b). If the default judgment is properly requested and the claim is for a sum certain,

---

[1] On August 6, 2015, Plaintiff and Nanomaterials entered into a stipulated judgment. [ECF 67].

the clerk will perform this step. Such situations are rare, however, and "in the vast majority of cases, a judicial determination is necessary to decide the extent of the injury or the valuation of the plaintiff's loss." *Nationwide Prop. & Cas. Ins. Co. v. Janis,* 2008 WL 2762375, at *1 (M.D. Pa. July 11, 2008) (citation omitted); *see also Flaks v. Koegel,* 504 F.2d 702, 707 (2d Cir. 1974) ("While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation."). Rule 55 provides that in those situations, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). When considering a motion for a default judgment, a district court must accept as true the well-pleaded factual allegations of the complaint, but it need not accept the moving party's legal conclusions or factual allegations related to the amount of damages. *Comdyne I, Inc. v. Corbin,* 908 F.2d 1142, 1149 (3d Cir. 1990); *Tancredi v. Cooper,* 2003 WL 22213699, at *3 (E.D. Pa. Sept. 4, 2003) (noting that "all factual allegations of the complaint other than those pertaining to the amount of damages are to be taken as true" once a court determines that a defendant is in default). The court "may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2). The decision as to whether to enter a default judgment is left to the sound discretion of the court. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984).

When considering whether to grant a default judgment under Rule 55(b), district courts will consider the following factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa,* 210 F.3d 154, 164 (3d Cir. 2000) (citing *United*

*States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984), as the source of the applicable factors, and affirming a district court's refusal to enter a default judgment against a defendant who had filed a late answer).

**DISCUSSION**

Here, as a threshold matter, this Court must determine whether Plaintiff's complaint establishes legitimate causes of action. *See Comcast Cable Commc'ns v. Bowers*, 2007 WL 1557510, at *2 (D.N.J. May 25, 2007) ("Before awarding a default judgment, the Court must determine whether the moving party's complaint establishes a legitimate cause of action.") (citations omitted). As noted, the complaint alleges violations of FLSA, the PMWA, and the WPCL. FLSA establishes a right of action by aggrieved employees to hold their employers liable "in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. §216(b). The PMWA is the Pennsylvania counterpart to FLSA. *See Masterson v. Fed. Express Corp.*, 2008 WL 5189342, at *3 (M.D. Pa. Dec. 10, 2008) (comparing the PMWA with the FLSA). FLSA also provides a cause of action where an employer terminates an employee's employment in retaliation for that employee's lodging of complaints about the employer's unlawful wage practices. The WPCL provides employees with a means of enforcing payment of wages and compensation withheld by an employer. *See Voracek v. Crown Castle USA, Inc.*, 907 A.2d 1105, 1109 (Pa. Super. Ct. 2006) (discussing purpose of the WPCL). In this case, the factual predicate for violations of these federal and state statutes is Defendant Coppa's alleged practice of failing to pay Plaintiff for hours he worked, as well as Defendant Coppa's alleged practice of refusing to pay Plaintiff overtime and other wages. Plaintiff has also alleged facts (uncontested by Defendant) sufficient to show that his employment was terminated in retaliation for his

lodging of complaints about Defendant Coppa's failure to pay him earned wages. Accepting Plaintiff's factual allegations as true, as this Court must, Plaintiff has stated legitimate causes of action.

The application of the *Chamberlain* factors suggests that a default judgment is proper here. First, Plaintiff will suffer prejudice if a default judgment is not granted, as Defendant Coppa has effectively deprived Plaintiff of compensation which Plaintiff has been owed for more than six years. Second, Defendant Coppa has not asserted a meritorious defense, as he has withdrawn his filed answer and allowed an entry of default against him. Without an answer, this Court cannot infer a defense. *See Einhorn v. Klayman Produce Co.*, 2013 WL 6632521, at *4 (E.D. Pa. Dec. 17, 2013). Finally, Defendant Coppa's failure to respond is "culpable conduct." Further, Defendant Coppa has repeatedly failed to appear in this action and has ignored numerous notices of his delinquency. This Court, therefore, finds that Defendant Coppa's conduct is culpable and weighs in favor of granting a default judgment. *See Bricklayers & Allied Craftworkers Local 1 of PA/DE v. WaterControl Servs., Inc.*, 2012 WL 3104437, at *6 (E.D. Pa. July 30, 2012). Accordingly, based on the *Chamberlain* factors, this Court will grant a default judgment.

Having determined that Plaintiff is entitled to the entry of default judgment, this Court must calculate the proper amount of damages and attorneys' fees and costs to which Plaintiff is entitled. At the hearing, Plaintiff presented evidence of the number of hours he worked between August 2011 and September 2012, the amounts he was paid for that time period, and the amounts he has been paid by his subsequent employers in the four-and-a-half years following his termination by Defendant. Based on this evidence, this Court finds that Plaintiff is entitled to the following damages:

### *Counts One and Four – Federal and State Minimum Wage Claims*

At Counts One and Four, Plaintiff asserts claims for violation of the minimum wage requirements of FLSA and the PMWA. As Plaintiff appears to concede, these two claims are duplicative of one another. To substantiate Plaintiff's damages calculation on these claims, Plaintiff submitted evidence showing that between August 2011 and September 2012, he worked 375.55 hours for which he was not paid. Accordingly, based on this uncontroverted evidence, Plaintiff is entitled to $2,772.73 in unpaid wages at the federal minimum wage rate ($7.25/hr). In addition, by not having litigated any defenses in this matter, Defendant Coppa has failed to establish that he acted in good faith with respect to Plaintiff's compensation. Therefore, Plaintiff is also entitled to liquidated damages equal to his actual damages. *See* 29 U.S.C. §216(b). Plaintiff's damages on these claims is therefore $5,545.46.[2]

### *Counts Two and Five – Federal and State Overtime Wage Claims*

At Counts Two and Five, Plaintiff asserts claims for the violation of the overtime wage requirements of FLSA and the PMWA. As Plaintiff again appears to concede, these two claims are duplicative of one another. To substantiate his damages calculation on these claims, Plaintiff submitted evidence showing that between August 2011 and September 2012, he worked 64.15 hours of overtime for which he was paid only his straight time hourly rate of $29.33/hour rather than the requisite overtime (1.5X) rate of $43.99 an hour. This Court accepts Plaintiff's calculation for this underpayment. Thus, Plaintiff is entitled to $940.43. Plaintiff also submitted

---

[2] In Plaintiff's proposed damages calculations for both his federal minimum wage and federal overtime wages, Plaintiff included two amounts for liquidated damages: one under the federal statute and one under the state statute. Though not binding, this Court is guided by the decision of the United States Court of Appeals for the Second Circuit in *Tapia v. Blch 3rd Ave. LLC*, 906 F.3d 58, 61 (2d Cir. 2018), which held that a plaintiff could not recover both state and federal liquidated damages for unpaid wages claims. Consistent with this decision, this Court finds that Plaintiff is entitled only to the higher amount of liquidated damages, and not both. Accordingly, this Court has included liquidated damages under only the federal statute.

evidence showing that he worked an additional 269.35 hours of overtime for which he was not a paid at all. For these unpaid overtime hours, Plaintiff is entitled to an additional $11,848.70. By not having litigated any defenses in this matter, Defendant Coppa has failed to establish that he acted in good faith with respect to Plaintiff's compensation. Therefore, Plaintiff is also entitled to liquidated damages equal to his actual damages. *See* 29 U.S.C. §216(b). Plaintiff's total damages on these claims is therefore $25,578.26.

### *Count Three – FLSA Retaliation Claim*

At Count Three, Plaintiff asserts a claim for retaliation under FLSA. Any employer who violates the retaliatory provision of FLSA "shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages." 29 U.S.C. §216(b). As damages for this claim, Plaintiff seeks lost wages in the amount of $52,311.76, an amount representing the difference between the $60,000.00 annual compensation he was contractually entitled to receive from Defendant and the compensation he actually earned during this time period from his subsequent employers between August 2012 and December 2016. Plaintiff's proposed damages amount, however, includes unpaid wages for August and September of 2012, which have been accounted for in this Court's award of damages for Plaintiff's federal minimum and overtime wage claims. Again, Plaintiff cannot obtain duplicative damages. Accordingly, Plaintiff's damages award for this claim will be reduced by the $10,000.00 that is attributable to his unpaid wages for August and September 2012. Plaintiff's damages, therefore, amount to $42,311.76. Under the applicable provision, Plaintiff is also entitled to an equal amount in liquidated damages. Therefore, Plaintiff is awarded a total of $84,623.52 for his retaliation claim.

### Count Six – Pennsylvania Wage Payment and Collection Law

At Count Six, Plaintiff asserts a claim for violation of the WPCL for unpaid wages and health care expenses for the months of August and September 2012. The WPCL provides employees a statutory remedy to recover wages and other employee benefits that are contractually due to them. *Oberneder v. Link Computer Corp.*, 696 A.2d 148, 150 (Pa. 1997). Here, with respect to unpaid wages, Plaintiff seeks recovery only for the wages he was not paid for the months of August and September of 2012. Plaintiff's damages from these unpaid wages, however, are fully covered by the damages he has been awarded above for his unpaid federal minimum and overtime wages. Plaintiff is not entitled to a windfall. Therefore, Plaintiff is not entitled to a monetary award of damages under the WPCL for the unpaid wages herein claimed.

Plaintiff also seeks an award of damages equal to the amount he purportedly paid for medical expenses during these two months as a result of Defendant having failed to provide Plaintiff health insurance, as required by his employment contract. Plaintiff has provided no legal support, however, for the recovery of such unpaid medical expenses under the WPCL absent a provision in the operative employment agreement providing for such payment. Here, the employment agreement provides only for "fully paid health insurance." It provides nothing with respect to the repayment of medical expenses. As such, Plaintiff has provided no basis for an award under the WPCL for his alleged unpaid medical expenses.[3] Consequently, no damages award will be entered for this claim.

### Attorneys' Fees and Costs

Under FLSA, the PMWA, and the WCPL, a prevailing plaintiff is entitled to reasonable attorneys' fees and costs. 29 U.S.C. §216(b); 43 Pa. Cons. Stat. §333.113; 43 Pa. Cons. Stat.

---

[3] Notably, Plaintiff does not seek damages in the amount of any insurance premiums he was forced to pay as a result of Defendant's failure to do so.

§260.9a. To evaluate the reasonableness of counsel's requested fees, a court uses the lodestar method to determine a reasonable number of hours expended on the litigation multiplied by a reasonable hourly rate. *United Auto. Workers Local 259 Soc. Sec. Dep't v. Metro Auto Ctr.*, 501 F.3d 283, 290 (3d Cir. 2007). Significantly, in calculating the lodestar, "the district court may not award less in fees than requested unless the opposing party makes specific objections to the fee request." *United States v. Eleven Vehicles, Their Equip. & Accessories*, 200 F.3d 203, 211 (3d Cir. 2000); *see also Trustees of the National Elevator Industry Pension v. GMS Elevator Services, Inc.*, 2018 WL 4510495, at *4 (E.D. Pa. Sept. 20, 2018) (citing *Eleven Vehicles* and applying rule to attorneys' fee request as part of default judgment).

Here, Plaintiff has provided billing records and has certified attorneys' fees in the amount of $114,286.70. These fees were based on a rate of $300 per hour, which this Court finds reasonable in light of the prevailing market rates in the community. *See Rode v. Dellaciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990). This Court also finds that the number of hours billed (380.95) is reasonable in light of the work required in this case.[4] Therefore, under the lodestar approach, this Court finds the attorneys' fees request is reasonable. *See Hahnemann Univ. Hosp. v. All Shore, Inc.*, 514 F.3d 300, 310 (3d Cir. 2008).

Plaintiff also seeks the reimbursement of costs in the amount of $792.28. This amount includes the costs for filing fees, service, postage, parking, mileage, and supplies for trial exhibits. Of these various items, Plaintiff is entitled only to costs for filing fees and service. *See* 28 U.S.C. §1920. Accordingly, Plaintiff will be awarded $467.43 in reimbursable costs.

---

[4] Though Plaintiff's action against Defendant ultimately ended by way of a default, a cursory review of the docket shows that this action took a far more complicated path. That path spanned five years and involved discovery, extensive motion practice, and multiple bankruptcy filings by Defendant.

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion for default judgment is granted, and Plaintiff is awarded the following damages: $5,545.46 for Counts One and Four; $25,578.26 for Counts Two and Five; $84,623.52 for Count Three; $114,286.70 in attorneys' fees and $467.43 in costs. An Order consistent with this Memorandum Opinion follows.

NITZA I. QUIÑONES ALEJANDRO, U.S.D.C. J.